# *EXHIBIT A*

Filed Case 1:17-cv-00205-GNS-HBB Document 1-2 Filed 12/20/17 Page 2 of 10 PageID #: 7

Filed　　17-CI-01409　　11/22/2017　　Brandi Duvall, Warren Circuit **ORIGINAL DOCUMENT**
11/22/2017 06:03:43 PM
CourthouseNews-1

**COMMONWEALTH OF KENTUCKY**
**WARREN CIRCUIT COURT**
**DIVISION \_\_**
**CIVIL ACTION NO. _____**

*FILED ELECTRONCIALLY*

| | |
|---|---|
| **DORIS AKTEYARLEE** | **PLAINTIFF** |
| v. | |
| **BENDIX SPICER FOUNDATION BRAKE, LLC** | **DEFENDANT** |
| Serve: CT Corporation System<br>306 West Main Street<br>Frankfort, Kentucky 40601 | |

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Comes the Plaintiff, Doris Akteyarlee (hereinafter "Akteyarlee"), by and through the undersigned counsel, and for her Complaint and Demand for Jury Trial, hereby states as follows:

1. Akteyarlee is a citizen of the Commonwealth of Kentucky, and was formerly employed by the Defendant, Bendix Spicer Foundation Brake, LLC (hereinafter "BSFB") at its facility in Bowling Green, Kentucky.

2. The Defendant, BSFB is a foreign corporation with its principal office located at 901 Cleveland Street, Elyria, Ohio 44035. BSFB's agent for service of process is CT Corporation System, 306 West Main Street, Frankfort, Kentucky 40601. BSFB was, until the time of Akteyarlee's illegal termination, her employer as that term is defined in KRS Chapters 342, 344 and other applicable law.

3. This Court has subject matter jurisdiction over the claims raised herein, the amount in controversy is sufficient to meet this Court's minimal jurisdictional requirements, and venue is

appropriate in Warren Circuit Court, as, among other things, the Defendant is located in Warren County, Kentucky.

## FACTUAL ALLEGATIONS

4. Akteyarlee repeats and incorporates the allegations contained in numerical paragraphs 1-3 of the Complaint and Demand for Jury Trial as if fully set out herein.

5. Prior to the illegal termination of her employment, Akteyarlee worked for BSFB and was by all accounts an exemplary employee.

6. Akteyarlee sustained a work-related injury to her hands and shoulder on or about December 12, 2014. Akteyarlee's immediately reported the injury to her supervisor, and she filled out all appropriate paperwork relating to these injuries when asked to do so by BSFB.

7. BSFB began to immediately harass and retaliate against Akteyarlee because of her pursuit of workers' compensation benefits. For example, but not exclusively, Akteyarlee was told by BSFB's plant nurse that she was required to see the company doctor for her injuries, or that BSFB would not pay for the medical visits. This practice is contrary to KRS Chapter 342.

8. BFSB placed Akteyarlee into a different job position about a month after her injuries, and she told the plant nurse on several occasions that this job (rivet machine) was causing her much more pain and that she wanted to see a doctor. It took approximately 6-8 weeks for Akteyarlee to finally see BSFB's company doctor.

9. Despite the fact that she reported pain in both hands and her shoulder, Akteyarlee was only allowed to see this doctor for her hand condition.

10. Akteyarlee eventually underwent surgery on her right hand and was only off of work for approximately two weeks following this surgery. However, when she returned to work,

BSFB placed her in a position that violated her left hand work only restriction. After her complaints fell on deaf ears, her physician finally took her back of work completely due to this violation of her restrictions. During this time, Akteyarlee had surgery on her left hand for her work-related condition.

11. When she returned to work, Akteyarlee again had restrictions, this time prohibiting repetitive motion. BSFB once again violated these restrictions to further retaliate against Akteyarlee, this time by forcing her to work in riveting, a repetitive motion job.

12. Throughout this entire time period, Akteyarlee was still not being seen by the company doctor for her shoulder injury, despite the fact that she reported same back in December 2014.

13. In or around October 2015, Akteyarlee was moved to a warehouse position driving a forklift, among other activities.

14. After 15 months of no medical care for her shoulder, and complaints of pain being raised by Akteyarlee to the plant nurse, this plant nurse finally allowed her to see the company doctor regarding this shoulder injury. The company doctor wrongly diagnosed this condition in her shoulder as arthritis, and Akteyarlee demanded to get a second opinion. This second opinion found through MRI testing that Akteyarlee actually had a tear in her shoulder which required surgical intervention, and she was taken off work completely in or around May 2016 for this shoulder surgery.

15. Following her surgery, Akteyarlee was released to return to work with restrictions, but was able to perform all of the essential functions of the forklift job mentioned above. However, Akteyarlee was told that she would not be able to receive any over-time work because

of her restrictions, further acts of retaliation against her. Her supervisor was able to "sneak" her some overtime during this period, however.

16. Akteyarlee continued to perform the essential functions of this position within her restrictions, which at that time included a 30 pound lifting restriction. BSFB has falsely indicated in subsequent papers to the Equal Employment Opportunity Commission that this warehouse/forklift job required the ability to lift 50 pounds, and that this was an essential function of the position. This is not true, as Akteyarlee had been preforming this job for quite some time with a 30 pound work restriction, which was designated by her physician to be permanent.

17. Sometime thereafter, and while she was still working this job, her physician increased this lifting restriction to 35 pounds, and assigned a 1% impairment rating under the AMA Guides to the Evaluation of Permanent Impairment. Also around this time, she was released by BSFB's workers' compensation carrier.

18. BSFB, seeing that she was now no longer an active workers' compensation case, then immediately terminated Akteyarlee's employment in early February 2017, stating at first that BFSB could not accommodate her permanent restriction of no lifting over 35 pounds. However, this company had been doing so for quite some time in this position, even when the restriction was for no lifting of 30 pounds. This was no light duty position created for Akteyarlee, but a regular employment position.

19. Akteyarlee begged BSFB to not fire her and to accommodate her by letting her simply to continue to work in the warehouse/forklift position. However, she was told by the safety supervisor that she was "1 percent less than you were and we do not think that you can handle this job," and she was terminated. Again, she had been working in this position for quite

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000004 of 000008

some time, and, unlike the other positions she was placed in which violated her restrictions, and cased her pain, this position did neither.

20. In addition to asserting her claims arising under Kentucky's workers compensation laws, Akteyarlee also filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging disability discrimination under the Americans with Disabilities Act ("the ADA") and KRS Chapter 344, *et seq.* She received her Right to Sue letter dated August 31, 2017, this case is timely filed in conjunction with same.

## COUNT I

### WORKER'S COMPENSATION RETALIATION

21. Plaintiffs repeat and incorporate all of the allegations contained in numerical paragraphs 1-20 above as if fully set out herein.

22. Akteyarlee engaged in a protected activity of pursuing workers' compensation benefits; BSFB knew that the Akteyarlee had done so; BSFB took adverse employment action against Akteyarlee; and there was a causal connection between the protected activity and the adverse employment action.

23. The pursuit of Akteyarlee's workers' compensation benefits was a substantial motivating factor for BSFB's adverse employment actions towards Akteyarlee.

24. As a result of the Defendant's violations of KRS 342.197, Plaintiff is entitled to recover compensatory and actual damages from BSFB, along with her court costs and her attorneys fees, in an amount as of yet unknown but sufficient to meet this Court's minimal jurisdictional requirements.

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000005 of 000008

## COUNT II

## DISABILITY DISCRIMINATION

25. Akteyarlee repeats and incorporates the allegations contained in numerical paragraphs 1-24 of the Complaint and Demand for Jury Trial as if fully restated herein.

26. At all times relevant herein, Akteyarlee was actually disabled as that term is defined in the ADA, KRS Chapter 344 and all other relevant law, in that she has and had a medical impairment that substantially limits one or more of her major life functions.

27. At all times relevant herein, Akteyarlee was regarded as being disabled by the Defendant as those terms are defined in the ADA, KRS Chapter 344 and all other relevant law.

28. At all times relevant herein, Akteyarlee had a record of a disability as those terms are defined in the ADA, KRS Chapter 344 and all other relevant law.

29. At all times relevant herein, Akteyarlee was a qualified person with a disability in that she was able to perform the essential functions of her job with reasonable accommodations.

30. Adverse employment action has been taken against Akteyarlee because of her disability.

31. The purported rationale for taking the adverse employment actions against Akteyarlee is pre-textual, and the true reason is disability discrimination.

32. As a direct and proximate result of BSFB's impermissible and discriminatory conduct and omissions, Plaintiff is entitled to recover her actual damages sustained as a result, including compensatory damages for past, present and future lost wages, benefits, and other privileges of her employment with BSFB, and damages for humiliation, embarrassment, personal indignity, and emotional distress, in an amount in excess of the jurisdictional limits of this Court,

6

and is further entitled to recover her Court costs and reasonable attorneys' fees incurred, all from BSFB, in accordance with the ADA and KRS Chapter 344, *et seq.*

### COUNT III

### FAILURE TO ACCOMMODATE DISABILITY

33. Akteyarlee repeats and incorporates the allegations contained in numerical paragraphs 1-32 of the Complaint and Demand for Jury Trial as if fully restated herein.

34. Akteyarlee is disabled as that term is defined in the ADA and KRS Chapter 344, *et seq*.

35. Akteyarlee is otherwise qualified for her job with BSFB, with or without reasonable accommodations.

36. BSFB was fully aware of the existence of and nature of Akteyarlee's disability.

37. Akteyarlee made a request for an objectively reasonable accommodation to BSFB.

38. BSFB failed to institute this reasonable accommodation.

39. BSFB has not, and cannot, prove that the requested accommodation would pose an undue hardship on BSFB if implemented.

40. BSFB failed to engage in the legally required interactive process with Akteyarlee and/or otherwise engaged in same in bad faith, in an attempt to further discriminate against Akteyarlee because of her disability.

41. As a direct and proximate result of BSFB's impermissible and discriminatory conduct and omissions, Plaintiff is entitled to recover her actual damages sustained as a result, including compensatory damages for past, present and future lost wages, benefits, and other privileges of her employment with BSFB, and damages for humiliation, embarrassment, personal indignity, and emotional distress, in an amount in excess of the jurisdictional limits of this Court,

Presiding Judge: HON. JOHN R. GRISE (608217)

COM : 000007 of 000008

and is further entitled to recover her Court costs and reasonable attorneys' fees incurred, all from BSFB, in accordance with the ADA and KRS Chapter 344, *et seq.*

    **WHEREFORE**, Akteyarlee respectfully requests the following relief from this Court:

1. Compensatory damages from BSFB;

2. Punitive damages from BSFB for its willful violations of the ADA;

3. Trial by jury;

4. Her court costs and attorney's fees;

5. Pre and post-judgment interest on all such amounts at the highest allowable rate; and

6. Any and all other relief, equitable or otherwise, to which she may appear entitled.

    Respectfully submitted,

    ARNOLD & MILLER, PLC

/s/Christopher D. Miller
Christopher D. Miller
401 West Main Street
Suite 303
Lexington, Kentucky 40507
Telephone: (859) 381-9999
Facsimile: (859) 389-6666
E-mail: cmiller@arnoldmillerlaw.com

ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>12/19/2017 04:20:09 PM<br>92023<br>Case #:  **17-CI-01409**<br>Court:     **CIRCUIT**<br>County:   **WARREN** |

*Plantiff,* **AKTEYARLEE, DORIS VS. BENDIX SPICER FOUNDATION BRAKE, LLC**, *Defendant*

TO:   **BENDIX SPICER FOUNDATION BRAKE, LLC**
       **C/O CT CORPORATION SYSTEM**
       **306 WEST MAIN STREET**
       **FRANKFORT, KY 40601**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Brandi Duvall, Warren Circuit Clerk
Date: **11/22/2017**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____          _____
                                                                                    Served By

                                                              _____
                                                                                    Title

Presiding Judge: HON. JOHN R. GRISE (608217)

Summons ID: @00000312224
CIRCUIT: 17-CI-01409 Certified Mail
AKTEYARLEE, DORIS VS. BENDIX SPICER FOUNDATION BRAKE, LLC



Page 1 of 1

eFiled